Case 4:26-cv-00801   Document 12   Filed 03/10/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHEL MARTINEZ-AMAYA,** | § | |
| Petitioner, | § § § | |
| VS. | § § | **CIVIL ACTION NO. 4:26-CV-00801** |
| **KRISTI NOEM,** *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Michel Martinez-Amaya's First Amended Petition for Habeas Corpus (ECF No. 9) and Respondents' Response and Motion for Summary Judgment (ECF No. 10). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.   BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen who entered the United States without inspection in 2022. ECF No. 9 at ¶ 12. After initial entry, he was issued a Notice to Appear (NTA) charging him with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and he was taken into immigration custody. *Id.* at ¶ 13; ECF No. 9-2, Ex. 2. Immigration authorities then released Petitioner on his own recognizance subject to certain conditions, including regular reporting requirements with Immigrations and Customs Enforcement (ICE). ECF No. 9 at ¶ 14; ECF No. 9-3, Ex. 3.

While released, Petitioner complied with all conditions. ECF No. 9 at ¶ 33. Nonetheless, Respondents re-detained Petitioner at an ICE check-in appointment. ECF No. 1 at ¶ 46. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.  ANALYSIS

Petitioner argues that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address his additional claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III.  RELIEF

The Court therefore **ORDERS** that Petitioner be released from custody within 48 hours pursuant to the terms of his prior release order as outlined in ECF No. 9-3, Ex. 3. Petitioner shall

be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court on or before March 13, 2026, informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 10, 2026.

_____
Keith P. Ellison
United States District Judge